## J. W. ASH v. STATE.

No. A-5317.   Opinion Filed Feb. 13, 1926.
(243 Pac. 765.)

John L. Gilson, for plaintiff in error.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for the State.

BESSEY, P. J. In this case Van C. Whittet, 42 years of age, by occupation an auctioneer, residing at Guymon, was the prosecuting witness. The defendant, J. W. Ash, was a deputy sheriff at Guymon. Some weeks prior to the shooting affray Mr. Ash went to California on business, and during his absence Mr. Whittet and defendant's 17 year old daughter eloped and were married, contrary to the wishes of the girl's parents. The defendant claims that Whittet practically abducted his daughter, and that the marriage was accomplished by undue influence by means of force or fear.

As soon as Whittet and his wife, defendant's daughter, returned to Guymon, the defendant went to their home, as he claims, to see his daughter for the purpose of ascertaining from her the details of the incidents connected with her elopement and marriage. Whittet claims

that after the marriage the defendant had made threats of violence against him, and that when the defendant came to his home he feared that he was there for the purpose of putting his threats into execution. After some hostile conversation between the two men Mrs. Whittet went outside to talk with her father. As they stood at the corner of the house engaged in conversation, Whittet stepped out of the door and off the porch, with his right hand behind him, facing the defendant and his daughter, three or four paces distant. As soon as the defendant saw Whittet in this position the defendant pointed his pistol downward, in the general direction of Whittet. Whittet then drew his pistol from his hip pocket, and the two men fired at each other at practically the same moment. Some of the witnesses indicated that the firing of Whittet's gun was slightly in advance of the shot fired by defendant Ash.

From the record it is difficult to determine which of the two men was the aggressor, or which one was the more at fault. The marksmanship of both was bad, or possibly it was a kind of sham battle, without the intent on the part of either to kill. At any rate, no blood was spilled.

The defendant complains that he was not permitted to show the circumstances surrounding the elopement or abduction of his daughter, the prime cause of the affray. Under the circumstances, we think he should have been permitted to do this, as tending to shed light on the purpose of his visit at the scene of the difficulty, and as tending to explain which of the two was the real aggressor. Under the evidence the law relating to an assault with intent to injure, but without an attempt to kill (an included offense), should have been submitted to the jury. Sections 2740, 1756, and 1764, Comp. Stat. 1921; Campbell v. State, 14 Okla. Cr. 319, 170 P. 915.

The defendant was given the minimum punishment prescribed by section 1756, supra, being the statute on assault with intent to kill, and, since the jury might under proper instructions have found him guilty only of an assault to do bodily harm (an included offense) under section 1764, and might under the latter statute have assessed the penalty at a mere nominal jail sentence, the failure to instruct on the lesser and included offense was prejudicial error.

The cause is reversed and remanded.

DOYLE and EDWARDS, JJ., concur.